UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| FRANKLIN RAY MILLER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:05-CV-466 |
| | ) | | (VARLAN/SHIRLEY) |
| JO ANNE B. BARNHART, | ) | | |
| Commissioner of Social Security, | ) | | |
| | ) | | |
| Defendant. | ) | | |

# MEMORANDUM OPINION

This social security appeal is before the Court for consideration of Plaintiff's objections [Doc. 21] to the report and recommendation filed by United States Magistrate C. Clifford Shirley, Jr. [Doc. 18]. The defendant has filed no response to the objections and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Magistrate Judge Shirley found that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that Plaintiff's motion for summary judgment [Doc. 12] be denied and that defendant Commissioner's motion for summary judgment [Doc. 16] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's

conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the R&R to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the R&R, and the administrative record. For the reasons that follow, plaintiff's objections will be sustained in part and overruled in part.

Plaintiff first objects to the ALJ's finding that Plaintiff does not suffer from a "severe" mental impairment. Plaintiff contends that the record shows that Plaintiff suffers from several mental health issues which, taken together, should be considered "severe." Plaintiff

points to the opinion of Alice Garland, M.S.[1] [Tr. 232-37], the report of Dr. Jeffrey T. Bryant[2] [Tr. 238-254], and the medical records provided by Dr. Patton[3] [Tr. 137-94].

The record reflects that the ALJ considered Plaintiff's mental conditions and the opinions of record, including those of Ms. Garland and Dr. Bryant. [Tr. 17-19]. The record further reflects that the ALJ provided ample reasons for his rejection of the opinions of Ms. Garland and Dr. Bryant, as they were inconsistent with the conservative treatment history described by the record as a whole. [Tr. 18-19]. The record also reflects that the ALJ was troubled by the lack of clinical support of the opinions of Ms. Garland and Dr. Bryant. [Tr. 19]. A doctors opinion is not entitled to controlling weight when it is not supported by medically acceptable clinical or diagnostic techniques, nor when it is inconsistent with the record as a whole. *See* 20 C.F.R. § 1527(d)(2). Therefore the Court finds no error with the ALJ's finding that Plaintiff does not suffer from severe mental impairments and the Plaintiff's objection on that ground will be overruled.

Plaintiff next objects to the ALJ's failure to consider the opinion of Dr. Patton and his failure to obtain additional medical records from Dr. Patton. Plaintiff contends that the ALJ erred by rejecting the opinion of Dr. Patton based upon the incorrect assumption that the opinion was actually offered by Vicki Carter, a nurse practitioner in Dr. Patton's office.

---

[1] Ms. Garland performed a consultative mental health examination on Plaintiff on January 6, 2004.

[2] Dr. Bryant served as a reviewing state physician in the instant case.

[3] Dr. Patton is one of Plaintiff's treating physicians.

3

Plaintiff further contends that the ALJ also erred by failing to obtain the records from Dr. Patton's office covering the period after October 9, 2003.

In describing his reasons for rejecting the medical evidence found in Exhibits 1F [Tr. 137-97] and 11F [Tr. 270-79], the ALJ stated "Ms. Carter is not an acceptable medical source pursuant to 20 CFR Regulation 404.1513. Further, her assessments are not supported by a narrative statement and are totally inconsistent with her own objective findings and the overall evidence of record. As such, Ms. Carter's assessments are rejected." [Tr. 19].

In examining the records provided by Ms. Carter and Dr. Patton, the Court notes that many of the documents do contain Ms. Carter's name and signature. [*See* Tr. 140-47, 197, 272]. However, many of those same documents also contain what appears to be the signature of Dr. Patton[4]. If the marking in question is actually Dr. Patton's signature, then the ALJ erred in finding that the medical opinions provided in Exhibits 1F and 11F were not provided by an acceptable medical source.

Federal Regulations require the Commissioner to "seek additional evidence or clarification from [claimant's] medical source when the report from [claimant's] source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. 404.1512(e)(1); *see also Melton v. Comm'r of*

---

[4]Dr. Patton's signature is apparent on the report located at Tr. 162, as the marking appears directly above Dr. Patton's name. That same marking appears on the report located at Tr. 272, a report which the ALJ assumed was prepared by Ms. Carter, not Dr. Patton.

*Soc. Sec.*, No. 98-5671, 1999 U.S. App. LEXIS 7370, at *14 (6th Cir. April 12, 1999) ("20 C.F.R. § 404.1512(e) provides that when the treating source opinion is inadequate for a determination, the Commissioner will re-contact the treating source for additional information or clarification."). Given the ambiguity as to whether the medical records in question were issued by a nurse practitioner or a medical doctor, the Commissioner should have contacted Dr. Patton's office to clarify the issue. It does not appear that the Commissioner did this. Given the unique nature of what the Court assumes is Dr. Patton's signature, the confusion is understandable. However, that confusion must be resolved so that a proper evaluation of the weight of the medical records found in Exhibits 1F and 11F can be made.

Additionally, the ALJ found that Ms. Carter's (Dr. Patton's) findings were "totally inconsistent." [Tr. 19]. However, the Court notes that one of the potentially inconsistent medical reports is dated February 5, 2005, and states that it is based upon a physical examination in the office. [Tr. 270]. However, the most recent medical record from Dr. Patton's office on record is dated October 9, 2003. [Tr. 140]. This apparent conflict represents another conflict which the Commissioner was required by federal regulations to attempt to clarify. This is not to say that Plaintiff does not bear the burden of proving disability through Step 4. 26 C.F.R. 404.1512(c); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). However, as noted above, Federal Regulations also place a burden upon the Commissioner in the case of conflict or ambiguity, and it does

5

not appear that the Commissioner has satisfied that burden. Therefore, Plaintiff's objections as to the ALJ's rejection of the opinion of Ms. Carter (Dr. Patton) are sustained.

Plaintiff next objects to the ALJ's residual functional capacity ("RFC") finding. Plaintiff contends that the ALJ did not properly consider Plaintiff's mental impairments and other physical limitations. Given that there is medical evidence which has not been fully evaluated in this case, namely the opinions which might actually have been issued by Dr. Patton and the medical records from Dr. Patton's office subsequent to October 9, 2003, the Court will sustain Plaintiff's objection to the RFC, as a new RFC determination will need to be made based upon the new record as a whole.

Plaintiff also objects to the ALJ's evaluation of Plaintiff's past work experience. Plaintiff argues that the ALJ did not fully explain his finding that the Plaintiff could perform past work. Plaintiff further argues that the ALJ erred by interchanging the positions of "heavy equipment mechanic," "heavy equipment operator," and "building maintenance helper." There does appear to be some confusion as to what jobs the ALJ considered when determining whether Plaintiff could perform past work, as the ALJ does appear to describe one position by three different names. Given that this matter will be remanded on other grounds, the Court will sustain this objection as well, so that the ALJ may clarify the record as to which of Plaintiff's past positions were actually considered.

Plaintiff's final objection, as outlined by the previous objections, is that Judge Shirley erred when he determined that the decision of the ALJ is supported by substantial evidence.

6

For the reasons described more fully above, the Court agrees and Plaintiff's objection will be sustained.

For the foregoing reasons, the Plaintiff's objections to the United States Magistrate Judge's Report and Recommendation will be **SUSTAINED in part** and **OVERRULED in part**; Plaintiff's motion for summary judgment [Doc. 12] will be **GRANTED**; the Commissioner's motion for summary judgment [Doc. 16] will be **DENIED**; the Commissioner's decision in this case denying plaintiff's application for benefits under the Social Security Act will be **REVERSED**; and this case will be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing at which time the ALJ shall determine whether the documents comprising Exhibits 1F and 11F were issued by Dr. Patton, the ALJ shall clarify which of Plaintiff's past work experiences were considered, Plaintiff shall be allowed to present further medical evidence relating to visits to Dr. Patton's office subsequent to October 9, 2003, and the ALJ shall reconsider his RCF determination based upon the record as supplemented, giving proper consideration to any medical opinions issued by Dr. Patton and, if the ALJ should find the opinions of Dr. Patton unpersuasive, offer reasons for disregarding those opinions in accordance with federal regulations.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
